UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BONNEAU, | ) Case No. CV 12-9081 JST(JC) |
| Petitioner, | ) MEMORANDUM OPINION AND<br>) ORDER DISMISSING ACTION |
| v. | ) |
| LINDA SANDERS, | ) |
| Respondent. | ) |

On October 22, 2012, petitioner Ryan Bonneau ("petitioner"), who is proceeding *pro se*, filed Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"). The Petition reflects that petitioner is housed at the United States Penitentiary – Lompoc, 3901 Klein Blvd., Lompoc, CA 93436 ("Address of Record"). On October 22, 2012 and October 24, 2012, the Court notified petitioner that he was required immediately to notify the Court of any change of address and cautioned that the failure to do so may result in the dismissal of this action for want of prosecution. (Docket Nos. 4, 5).

On May 9, 2013, an order issued on April 29, 2013 ("April 29 Order") which was sent to petitioner at the Address of Record, was returned undelivered by the Postal Service. (Docket Nos. 17, 19). Accordingly, on May 28, 2013, the assigned Magistrate Judge issued an order ("Order to Show Cause") directing petitioner, by

not later than June 11, 2013, to update the Address of Record and to show cause why this action should not be dismissed for lack of prosecution. The Order to Show Cause, which was sent to petitioner at his Address of Record, also expressly cautioned that the failure timely to comply therewith might result in the dismissal of this action for want of prosecution and/or for failure to comply with such order. Although the deadline to respond to the Order to Show Cause has now passed, to date, petitioner has not filed a response thereto.

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the April 29 Order was sent to petitioner at his Address of Record, and returned by the Postal Service. To date, petitioner has not notified the Court of his current address. Nor has petitioner timely responded to the Order to Show Cause.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

      The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely based on petitioner's failure to notify the Court of her correct address. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with petitioner based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible.  See Musallam v. United States Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

///
///
///
///

1  IT IS THEREFORE ORDERED that this action is dismissed for lack of
2  prosecution and failure to comply with a court order and that all pending motions
3  are denied as moot.

5  DATED: July 26, 2013

7  \_\_\_\_\_JOSEPHINE STATON TUCKER_____
8  HONORABLE JOSEPHINE STATON TUCKER
   UNITED STATES DISTRICT JUDGE